**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LEE BEAUDOIN                \*
                                       \*
                                       \*
        v.                           \*    Civil No. CCB-17-2569
                                       \*
                                       \*
ACCELERATED LOGISTICS, LLC, *et al.*
                                       \*

## MEMORANDUM

Lee Beaudoin ("Beaudoin") has sued Accelerated Logistics, LLC and Accelerated Services, LLC ("Accelerated"), alleging negligence, assault, and battery. Currently pending before the court are three motions. First, Beaudoin has filed a motion to amend the complaint. Second, Beaudoin has filed a motion for sanctions for the spoliation of evidence. Third, Accelerated has filed a motion for summary judgment as to the counts of assault and battery and the plea for punitive damages. For the reasons stated below, Beaudoin's motion to amend the complaint and her motion for sanctions for spoliation of evidence will be denied, and Accelerated's motion for summary judgment will be granted.

## BACKGROUND

This case arises out of an accident that occurred on February 9, 2017, in the Royal Farms parking lot at 1200 Ponca Street in Baltimore, Maryland. (Compl. ¶ 7, ECF No. 2). Leonard Moore ("Moore"), driving a tractor trailer owned by Accelerated, and carrying nine vehicles, attempted to make a left turn into traffic to leave the Royal Farms parking lot. (Beaudoin Dep. 38:2–14, 40:8–22). Beaudoin was stopped behind the tractor trailer when the trailer began backing up towards her car. (*Id.* 40:3–5; 41:23, 42:15–16). Beaudoin honked her horn and

attempted to get the tractor trailer driver's attention. (Beaudoin Aff. ¶ 2). Despite Beaudoin's efforts to attract Moore's attention, the tractor trailer struck Beaudoin's car, crushing the front of the vehicle. (*Id.*). Subsequently, the tractor trailer left the parking lot. (Beaudoin Dep. 47:14). Beaudoin brought suit against Accelerated alleging negligence, assault, and battery. (Compl. ¶¶ 17–52). Beaudoin seeks monetary relief, including punitive damages. (*Id.* ¶¶ 26, 41, 52).

## ANALYSIS

### I.    Motion to Amend the Complaint

Beaudoin moved to amend the complaint to add Leonard Moore as a defendant, and to add causes for negligent hiring and retention, negligent supervision and training, and negligent entrustment.[1] Because the deadline to amend the pleadings set by the court's scheduling order has expired, the court must conduct a two-step inquiry to determine if amendment is appropriate: (1) has Beaudoin satisfied the good cause standard set by Rule 16(b)?; and (2) if Rule 16(b)'s strictures are satisfied, is amendment of the complaint proper under Rule 15(a)? *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008); *Wonasue v. Univ. of Maryland Alumni Ass'n*, 295 F.R.D. 104, 106–07 (D. Md. 2013).

Rule 16(b)'s good cause standard "requires the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence." *McMillan v. Cumberland Cty. Bd. of Educ.*, 734 F. App'x 836, 845 (4th Cir. 2018) (quoting *Cook v. Howard*, 484 Fed. App'x.

---

[1] Based on Accelerated's pledge to call Moore as a witness if this case proceeds to trial, Beaudoin has withdrawn her request to add Moore as a defendant. (Pl.'s Reply, Mot. to Amend Compl. at 1, ECF No. 23). And should Beaudoin reinstate her request to amend the complaint and add Moore as a defendant, the court would likely find good cause lacking. Beaudoin's counsel expressed a desire to add Moore as a defendant on November 9, 2017, and learned Moore's name on November 15, 2017, but waited until May 2018, several months after the February 2018, deadline set by the court's scheduling order, to move to amend the pleadings. (Pl.'s Reply, Mot. to Amend Compl., Ex. C at 1, ECF No. 23-3; Pl.'s Mot. to Amend Compl., ECF No. 15).

805, 815 (4th Cir. 2012)).[2] "[T]he good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *McMillan*, 734 F. App'x at 845 (quoting *Cook*, 484 Fed. App'x. at 815). The facts the court should consider include whether the non-moving party could be prejudiced by the delay, the length of the delay, and whether the movant acted in good faith. *Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 768–69 (D. Md. 2010).

Rule 15(a)(2) holds that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]enial of leave to amend is appropriate when (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith on the part of the moving party; or (3) the amendment would have been futile." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014).

Beaudoin has not established good cause to amend the complaint. Even though the court set a February 12, 2018, deadline for joinder of additional parties and amendment of the pleadings, (Scheduling Order, ECF No. 11), Beaudoin did not move to amend the complaint until May 3, 2018, (Pl.'s Mot. to Amend Compl., ECF No. 15). Beaudoin explained this delay by noting that though she received a copy of Moore's employment application, including his background check, Motor Vehicle Record, and Pre-Employment Screening Program Report ("PSP Report") on January 31, 2018, it was not readable, and a clearer version was not produced by Accelerated until April 30, 2018. (Pl.'s Reply, Mot. to Amend Compl. at 3, ECF No. 23). Further, Beaudoin did not receive a copy of Accelerated's hiring guidelines and procedures until May 4, 2018. (*Id.* at 1–2). And Beaudoin alleged that facts relevant to her proposed additional causes of action did not come to light until Moore's deposition on April 17, 2018. (*Id.* at 4). Beaudoin's arguments are not convincing.

---

[2] Unpublished opinions are cited to for the soundness of their reasoning, not for any precedential value.

The PSP Report, produced on January 31, 2018, clearly denotes Moore's previous driving infractions, including speeding, driving beyond the federal 14-hour duty period, and driving a Commercial Motor Vehicle while disqualified. (PSP Report, Ex. 9 at 2–3, ECF No. 18-9). Therefore, even if Beaudoin did not receive a readable copy of Moore's employment application until April 30, 2018, she was on notice by January 31, 2018 that Moore's driving record was far from pristine. *Cf. Wonasue*, 295 F.R.D. at 108 (finding the plaintiff did not act in good faith when she claimed to have learned facts for the first time in a deposition, but had previously received a personnel file which included the relevant facts). Beaudoin's notice of these facts prior to the deadline set by the court's scheduling order distinguishes this case from cases where leave to amend has been granted because entirely new evidence came to light after the scheduling order deadline. *See Tawwaab*, 729 F.Supp.2d at 770 (good cause to amend found because documents and depositions containing the relevant evidence were not produced or conducted, respectively, until several months after the scheduling order deadline).

Beaudoin alleges that several new facts—beyond the blemishes on Moore's driving record—came to light during Moore's deposition. Specifically, that: Accelerated never questioned Moore about discrepancies between his job application and the violations listed in the PSP report; Accelerated never questioned Moore about the suspension of his license; Accelerated never interviewed Moore before hiring him; and Accelerated did not train Moore upon hiring him.[3] And Beaudoin emphasizes that she did not receive Accelerated's hiring guidelines and procedures until after the deadline set by the scheduling order. But a "party need not wait on evidentiary 'confirmation' before pleading a claim for which it has a reasonable, good-faith

---

[3] Beaudoin also alleges that Moore's failure to take responsibility for crushing Beaudoin's car and Accelerated's destruction of Moore's logbooks support their motion to amend. (Reply, Pl.'s Mot. to Amend Complaint at 4, ECF No. 23). But this evidence does not substantiate the negligent hiring and retention, negligent supervision and training, or negligent entrustment that Beaudoin seeks to add to the complaint. Instead, it speaks to Beaudoin's motion for sanctions for the spoliation of evidence.

basis." *United States v. Hartford Accident and Indemnity Co.*, No. JKB-14-2148, 2016 WL 386218, at *6 (D. Md. Feb. 2, 2016). The PSP Report provided the requisite factual predicates for the claims of negligent hiring and retention, negligent supervision and training, and negligent entrustment that Beaudoin now seeks to add. The additional facts that came to light during Moore's deposition may have colored these claims, but they are by no means necessary prerequisites. And if Beaudoin believed she could not assert these claims without first reviewing Accelerated's hiring guidelines and practices she could have moved to extend the deadline for amendment of pleadings. *See Hartford Accident*, 2016 WL 386218, at *6. Because Beaudoin received information about Moore's history of driving infractions before the deadline set to amend the pleadings, the court finds Beaudoin did not act diligently in complying with the scheduling order.

And even if the Rule 16(b)'s good cause standard was satisfied, amendment would be denied under Rule 15(a) because it would unduly prejudice the defendants. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). "[T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant." *Id.*; *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009)). Beaudoin did not file her motion to amend until six days before the close of discovery. (Scheduling Order at 2, ECF No. 11). And Accelerated has agreed to stipulate to liability—admitting that Moore, driving within the scope of his employment, negligently operated a tractor trailer and struck Beaudoin's car. (Correspondence at 2, ECF No. 18-7; Defs.'

Proposed Am. Answer at ¶¶ 18–19, ECF No. 18-8).[4] Thus, the additional discovery that would be required if the amendment were permitted is an unnecessary waste of resources.[5]

II.    Motion for Sanctions for the Spoliation of Evidence

Sanctions for the spoliation of evidence are appropriate if a party had a duty to preserve material evidence, and thereafter willfully engaged in conduct resulting in the loss or destruction of that evidence, at a time when the party knew the evidence was relevant to some issue in the litigation. *See Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013).

As to the first element, the duty to preserve evidence arises "not only during litigation but also extends to that period before litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Turner*, 736 F.3d at 282 (quoting *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001)). The receipt of an evidence preservation letter triggers the duty to preserve evidence. *Sampson v. City of Cambridge, Md.*, 251 F.R.D. 172, 181 (D. Md. 2008). And "[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Thompson v. U.S. Dept. of Housing and Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003) (quoting *Zubulake v. UBS Warburg LL*, No. 02 Civ. 1243(SAS), 2003 WL 22410619, at *4 (S.D.N.Y. Oct. 22, 2003)).

---

[4] The Amended Answer will be approved for filing.

[5] What is more, "[u]nder Maryland law, a plaintiff seeking only compensatory damages cannot bring a negligent entrustment claim against an owner of a vehicle, where the owner has admitted that the driver of the vehicle was his agent or employee." *Villalta v. B.K. Trucking & Warehousing, L.L.C.*, No. DKC-2007-1184, 2008 WL 11366412, at *5 (D. Md. Aug. 4, 2008) (quoting *Houlihan v. McCall*, 197 Md. 130 (Md. 1951)). Once vicarious liability has been admitted, "the negligent entrustment claim not only bec[omes] superfluous, but create[s] a pathway for the potential introduction of unfairly prejudicial evidence against the driver in deciding the issue of his negligence." *Day v. Stevens*, No. 17-02638-JMC, 2018 WL 2064735, at *4 (D. Md. May 3, 2018). Beaudoin has stated a claim for punitive damages, but as detailed below, the court will grant Accelerated's motion for summary judgment as to this claim. The addition of a negligent entrustment claim is therefore inappropriate under Maryland law. *See also Rispoli v. Jackson*, 51 Md. App. 606, 611 (1982) (claims of negligence and negligent entrustment are not "separate and distinct" and therefore a plaintiff that accepts rewards from a negligence count cannot simultaneously appeal a claim of negligent entrustment).

Beaudoin's counsel sent Accelerated an evidence preservation letter on February 27, 2017. (Pl.'s Mot. Sanctions for Spoliation of Evidence ["Mot. for Sanctions"] at 2–3, ECF No. 17-1). Accelerated claims they did not receive this letter even though it was faxed to Accelerated's main fax line. (Reply, Mot. for Sanctions at 7–8, ECF No. 25). But Accelerated's receipt of the letter is evidenced by Nationwide's, Accelerated's insurer, March 13, 2017, acknowledgment of receipt of the letter. (*Id.*). Because Beaudoin only sent the letter to Accelerated, and no other party, Nationwide could only have received the letter from Accelerated. (*Id.*). Accelerated therefore had a duty to preserve relevant evidence and implement a litigation hold.

As to the second element, the spoliator's conduct must be intentional, though it need not rise to the level of bad faith. *Turner*, 736 F.3d at 282. Beaudoin claims that Accelerated "acted willfully in their destruction of the driver logs." (Mot. for Sanctions at 9, ECF No. 17-1). But Beaudoin has offered no evidence that Accelerated willfully destroyed the logbooks. The only evidence Beaudoin points to is Accelerated's failure to preserve the logbooks after they received the evidence preservation letter. (*Id.*). But the existence of a duty to preserve evidence and the failure to comply with that duty, without more, does not support a finding of intentional conduct. *See Sampson*, 251 F.R.D. at 181–82 (holding that sanctions for spoliation of evidence could not be imposed because plaintiff did not present any evidence to establish that documents were intentionally destroyed, even though defendants had a duty to preserve evidence and failed to implement a litigation hold).[6]

---

[6] At least one court has found that a failure to preserve documents after the duty to preserve evidence was triggered sufficed to support the imposition of sanctions for spoliation. *See Broccoli v. Echostar Communications Corp.*, 229 F.R.D. 506 (D. Md. 2005). But the *Broccoli* court also found "bad faith" and that the evidence "of a regular policy . . . of 'deep-sixing' nettlesome documents and records (and of the management's efforts to avoid their creation in the first instance) is overwhelming." *Id.* at 511, 512. Beaudoin has not presented analogous evidence of widespread destruction of pertinent evidence. At most, Beaudoin alleges that the timing of the destruction of the logbooks should raise suspicion, as it occurred in close proximity to the filing of the complaint. (Mot. for Sanctions at 12). *Cf.*

And even if the court were to find that Accelerated acted intentionally in deleting the logbook, Beaudoin must still establish that the logbook is relevant. Evidence is relevant "to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it." *Thompson*, 219 F.R.D. at 101. And the court's inquiry into relevance must also include a finding that the spoliation of evidence prejudiced the party moving for sanctions. *Victor Stanley*, 269 F.R.D. at 531–32. Prejudice is generally presumed when the spoliator acted intentionally. *Id.* But courts have broad discretion to impose sanctions for spoliation and sanctions "should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). The court cannot assess prejudice without acknowledging Accelerated's admission of liability for Moore's negligence. Because Accelerated has stipulated to this liability, Beaudoin does not need the logbooks to substantiate a claim of negligence at trial.

Because the court does not find that Accelerated acted intentionally in destroying the logbooks and because any prejudice to Beaudoin resulting from the logbooks' destruction is *de minimis*, the court will not impose sanctions.

III.    Motion for Summary Judgment as to Assault, Battery, and Punitive Damages

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the

---

*Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 531 (D. Md. 2010) ("the volume and timing" of spoliation may provide insight into the spoliator's culpability). But Accelerated routinely destroyed logbooks six months after their receipt. (Aff. Schoenenbergerat 2, ECF No. 22-2). Beaudoin alleges that Moore did not submit his logbook from the Feb. 9th, 2007 accident until early March. (Reply, Mot. for Sanctions at 3). But Beaudoin did not provide the court with the part of Moore's deposition in which he makes this statement, and Moore also testified under oath that he submits his logbooks to Accelerated on a weekly basis. (Moore Dep. at 55:15, ECF No. 22-1). If Accelerated received the logbook in question by February 15, 2007, the August 15, 2007 destruction of the logbook is consistent with Accelerated's standard protocol for destruction of logbooks.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

Accelerated's motion for summary judgment as to assault, battery, and punitive damages will be granted. Beaudoin has failed to raise a genuine dispute as to intent; no reasonable jury could conclude that Moore intended to hit Beaudoin's car, or that Moore acted with actual malice. Under Maryland law, intent is an element of both battery and assault. *See Nelson v. Carroll*, 735 A.2d 1096, 1102 (Md. 1999) ("The rule is widely recognized that when one commits an assault, and in the course of committing the assault that person comes into contact with the person assaulted, the intent element of battery may be supplied by the intent element of the assault."). Mere accidental or inadvertent conduct that results in harmful contact with another does not rise to the level of assault or battery. *Id.* at 1101. And in non-intentional tort cases

9

Maryland courts award punitive damages only if the "plaintiff has demonstrated by clear and convincing evidence that the defendant acted with 'actual malice.'" *Darcars Motors of Silver Spring, Inc. v. Borzym*, 841 A.2d 828, 837 (Md. 2004) (quoting *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 652 (Md. 1992)). Actual malice is "conduct of the defendant characterized by evil motive, intent to injure, ill will, or fraud." *Darcars*, 841 A.2d at 837 (quoting *Zenobia*, 601 A.2d at 652); *see also Villalta*, 2008 WL 11366412, at *4.

No reasonable jury could conclude that Moore intended to hit Beaudoin's car. The only evidence of intent that Beaudoin presents is her statement at the time of the accident that she could see Moore's right-side mirror and that she "know[s] he could see me,"[7] the fact that Beaudoin "was furiously waving at Mr. Moore to get his attention," and honking her horn and that other motorists were also attempting to get Moore's attention and that Moore keeps his window cracked. (Response, Opp'n Mot. Summ. J. at 2, ECF No. 26; Beaudoin Aff. ¶ 2). A nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 141 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). Beaudoin has presented no evidence of intent beyond mere speculation that Moore could see her at the time of the accident nor any reason to explain why he would intentionally hit her car. Because no reasonable jury could find Moore committed assault or battery, or is liable for punitive damages without a finding of intentional conduct, the court will grant Accelerated's motion for summary judgment as to these counts.

---

[7] Witness Russel Bittner ("Bittner") corroborated this during his deposition, but his recollection was hazy. Bittner testified that Beaudoin told him Moore was "looking right at me in the mirror . . . something like that." (Dep. Bittner 21:10–12). Bittner corroborates the fact that Beaudoin believed Moore could see her but does not supply any additional information to support the veracity of this belief. Without direct evidence to demonstrate that Moore could see Beaudoin at the time of the accident or to supply an explanation for why he would intentionally hit her car, this alone is insufficient to create a genuine dispute as to a material fact.

## CONCLUSION

For the reasons stated above, Beaudoin's motion to amend the complaint and her motion for sanctions for the spoliation of evidence will be denied. Accelerated's motion for summary judgment as to assault, battery, and punitive damages will be granted. A separate order follows.

$\underline{\phantom{xx}11/30/18}$
Date

$\underline{\phantom{xxxxxxxxxxx}}$
Catherine C. Blake
United States District Judge